UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGALES RAMEAU,<br><br>                                    Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, et al.,<br><br>                                    Respondents. | Case No.:  3:26-cv-1439-CAB-SBC<br><br>**ORDER GRANTING WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Migales Rameau's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] Petitioner claims that he has been detained by Immigration and Customs Enforcement at Otay Mesa Detention Center since February 26, 2026 in violation of the Fifth Amendment and the Administrative Procedure Act. [*Id.* at 11–14.] For the reasons discussed below, the Court **ORDERS** Respondents to immediately release Petitioner from custody under the same conditions which existed immediately prior to his February 26, 2026 detention.

## I.      BACKGROUND

Petitioner is a Haitian national who entered the United States on June 17, 2023 at the San Ysidro Port of Entry after securing an inspection appointment through CBP One. [*Id.* at 5.] The Department of Homeland Security ("DHS") exercised its discretionary authority and paroled Petitioner into the United States. [*Id.*] DHS issued Petitioner a Form I-94

documenting parole valid through June 16, 2025.  [*Id.*]  Petitioner was detained after approaching the entrance of Camp Pendleton Marine Base to drop a rideshare passenger off on February 26, 2026.  [*Id.* at 6.]  Petitioner has no criminal history.  He has a pending TPS application and asylum claim.  [Petition at 6.]

## II.   LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody.  Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  The petitioner bears the burden of demonstrating that he is in illegal custody.  *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.   DISCUSSION

Respondents' return to the Petition merely states they are not opposed "to a bond hearing for Petitioner in this matter, subject to supervision during his removal proceedings." [Doc. No. 4.]  They do not contest any of Petitioners' asserted facts and fail to address Petitioner's argument that he is entitled to immediate release, rather than simply a bond hearing.  Petitioner claims a liberty interest under the Due Process Clause of the Fifth Amendment, which was violated when he was detained without individualized consideration of his circumstances and an opportunity to contest his detention.

In light of Petitioners' unrefuted facts and legal claims, and Respondents' non sequitur response, the Court **GRANTS** a writ of habeas corpus for Petitioner based on the reasoning the Court has articulated in similar cases.  *E.g.*, *Tokhi v. LaRose, et al.*, Case No. 3:26-cv-0803-CAB-VET (S.D. Cal. Feb 19, 2026).  The Court **ORDERS** Respondents to immediately release Petitioner.  The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: March 19, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

2

3:26-cv-1439-CAB-SBC